# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
             **Plaintiff,**

       **v.**                                    **Case No. 10-CR-183**

**DWAYNE JOHNSON**
             **Defendant.**

---

## <u>ORDER</u>

On February 9, 2012, I sentenced defendant Dwayne Johnson to 15 months in prison on his guilty plea to making false statements to a firearms dealer.  I ordered the federal sentence run concurrently with a 4-year state prison term out of Texas.  (R. 29 at 2.) Defendant took no appeal, but on July 31 and August 1, 2012, the court received letters from defendant asking why a detainer related to his federal sentence had been lodged with Texas authorities.  Defendant seemed to believe that because he had already served 21 months in Texas, his 15 month federal sentence should be completed.  He further indicated that he expected to be paroled by Texas authorities on August 26, 2012. (R. 31, 32.)

On August 8, 2012, I wrote back, indicating that the Bureau of Prisons ("BOP") determines issues of sentence credit and execution.  I further explained that, ordinarily, a federal sentence ordered to run concurrently with a state term does not commence on the same date as the previous state sentence; rather, it commences when it is imposed.  Thus, the fact that defendant had served 21 months on the state sentence did not mean that the federal term would be completed.  (R. 33.)

On September 4, 2012, defendant filed a "Motion for Nunc Pro Tunc Order," seeking an

award of 15 months credit. (R. 34.) The district court generally lacks authority to alter or modify a sentence after its imposition, see United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006); Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000), and defendant provides no jurisdictional basis for his request. He cites various Texas state cases, but none provide authority for modifying a federal sentence. Clerical mistakes in a judgment may be noticed and corrected at any time under Fed. R. Crim. P. 36, but defendant makes no claim of error in translating the oral sentence to the judgment, and Rule 36 does not permit substantive changes. See United States v. Becker, 36 F.3d 708, 710 (7th Cir. 1994). Further, as I explained in my August 8 letter, the BOP, not the sentencing court, determines sentence credit. See United States v. Wilson, 503 U.S. 329, 333-34 (1992); United States v. Koller, 956 F.2d 1408, 1417 (7th Cir. 1992); see also United States v. McNeil, 573 F.3d 479, 484 (7th Cir. 2009) (stating that "the district court lacks the authority to order the Bureau of Prisons to give credit for time served before the federal sentence is imposed"). A defendant dissatisfied with the BOP's credit determination may after exhausting administrative remedies challenge it under 28 U.S.C. § 2241. See, e.g., United States v. McGee, 60 F.3d 1266, 1272 (7th Cir. 1995); Koller, 956 F.2d at 1417. Such actions are brought in the district of confinement, not the sentencing court. See, e.g., United States v. Prevatte, 300 F.3d 792, 799 n.2 (7th Cir. 2002) (citing Garza v. Lappin, 253 F.3d 918, 921 (7th Cir. 2001)).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 34) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2012.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

2